UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EVETT L. SIMMONS, ESQUIRE,                  CASE NO. 9:14-cv-80425-COHN/SELTZER
in her capacity as Guardian of the Property of
Dontrell Stephens, and
DONTRELL STEPHENS,
         Plaintiffs,

vs.

RIC BRADSHAW, in his capacity
as Sheriff of Palm Beach County, Florida,
PALM BEACH COUNTY SHERIFF'S
OFFICE and DEPUTY SHERIFF ADAMS
LIN, individually.

         Defendants.
_____/

**UNOPPOSED AGREED MOTION TO SEAL**
**(AND MEMORANDUM OF LAW)**

Defendant DEPUTY SHERIFF ADAMS LIN, individually, through his undersigned attorneys, pursuant to Local Rule 5.4 of the Rules of this Court, files this his Unopposed Agreed Motion to Seal (and Memorandum of Law) and in support thereof states as follows:

1. By way of background, the instant litigation concerns an incident that resulted in bodily injury to the Plaintiff Dontrell Stephens who was shot by Palm Beach County Sheriff's deputy Adams Lin on September 13, 2013 in West Palm Beach, Florida.

2. This matter is currently on appeal and proceedings in aid of execution as to the Defendant Lin are underway.

3. In that regard the Plaintiffs recently filed a Writ of Garnishment as to Defendant Lin's

bank account. In response thereto, Garnishee JP MORGAN CHASE BANK, N.A. (hereinafter the "Bank") filed an Answer to Writ of Garnishment and Demand for Statutory Payment Pursuant to Fla. Stat. §77.28 [DE 361], which included the home address of Defendant Lin.

4. The Defendant Lin requested [DE 380] and was granted a protective order in regard to Defendant Lin's home address and ordered that a substitute filing was permitted of the Bank's Answer [DE 361] with Defendant Lin's home address redacted[1]. The Court's Order stated that "Counsel for the Defendant Lin shall coordinate such a [redactted](sic) filing with both the Clerk's Office and the Bank." See Court's Paperless Order at DE 384.

5. The Bank subsequently filed a redacted version of the Answer to the Writ of Garnishment. [DE 385]. However, the original un-redacted version of the Bank's Answer is still of record. The Clerk has indicated that a Motion to Seal must be filed in order to have the un-redacted version of the Bank's Answer no longer be part of the public record.

6. The un-redacted Answer of the Bank [DE 361] contains the home address of a law enforcement officer. The parties in this case agree that this information is sensitive and should be placed under seal to protect it from being part of the public record in this case.

7. The proposed duration of the requested sealing is indefinitely.

8. Undersigned counsel for Defendant Lin has contacted opposing counsel and the Bank's counsel regarding the relief sought herein and there is no objection thereto.

WHEREFORE, the Defendant Lin respectfully requests that this Honorable Court grant the instant unopposed motion and direct the Clerk to seal the Bank's un-redacted Answer [DE

---

[1] The Court's Order also stated that any future filings in this matter are to redact Defendant Lin's home address before being filed with the Court.

361].

Further, and in support of the foregoing Motion, the Defendant Lin would refer this Honorable Court to the Memorandum of Law attached hereto and incorporated herein by reference.

## MEMORANDUM OF LAW

Although the public has a common-law right to inspect and copy judicial records and public documents, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d 352, 356 (11th Cir. 1987). If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313; see also Patent Asset Licensing, LLC v. Bright House Networks, LLC, 2016 WL 2991057, at *1 (M.D. Fla. May 24, 2016).

The need to protect individual privacy rights in some circumstances rises to the level of a compelling or substantial interest that should be recognized in the balancing process in considering a First Amendment right of access issue. See, e.g., Globe Newspaper v. Superior Court, 457 U.S. 596, 607, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment); Press–Enterprise Co. v. Superior Court of California, 464 U.S. 501, 511, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (recognizing the governmental interest in protecting the privacy of jurors); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35–36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (recognizing the governmental interest in preventing abuse of the civil discovery process); Times–Mirror Company v. United States,

873 F.2d 1210, 1215–16 (9th Cir.1989) (recognizing the governmental interest in not tipping off suspects by disclosure of search warrants).  Such is the case here.

The Florida Legislature has specifically afforded privacy from public access to the personal information of active and former law enforcement personnel, including their home addresses. See F.S. 119.071(4)(d)(1). These measures reflect a strong public policy favoring the special protection of law enforcement officers and their personal information, including their home addresses. While the Florida statutes do not control this federal proceeding, they do reflect a legislative judgment that the state has an interest in maintaining the confidentiality of certain personal information concerning law enforcement officers.

The originally filed Answer to the Writ of Garnishment [DE 361] included the Defendant Lin's home address which is sensitive information concerning a law enforcement officer which is properly sealed by this Court.

The motion should be granted.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy of same will be sent via email to: **JACK SCAROLA, ESQUIRE** and **PATRICK QUINLAN, ESQUIRE,**, Searcy, Denney, Scarola, Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, Florida 33409, mep@searcylaw.com, **STEVEN ELLISON, ESQUIRE,** Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, Florida 33401, and **Wargo & French LLP**, wf-fl-garn@wargofrench.com & wf-fl-garn2@wargofrench.com this 19th day of October, 2016.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants SHERIFF & LIN
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861

        BY    *s/ Summer M. Barranco*
                   SUMMER M. BARRANCO
                   Florida Bar No. 984663